Roderick **KNOWLES**, Petitioner–Appellant,

v.

William **MERKLE**; Attorney General of the State of California, Respondents–Appellees.

No. 00–16912.

D.C. No. CV–97–00762–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Oct. 11, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judge.

MEMORANDUM *

The government's contention that Federal Rule of Civil Procedure 15(c), which permits amendments to pleadings that relate back to the date of the original pleading, is inapplicable to habeas corpus petitions after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") is foreclosed by *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000).

However, we also reject the claim that Knowles's ineffective assistance of counsel claim factually relates back to his coerced confession claim, thus permitting amendment of his initial and timely habeas petition. Knowles argues that if his counsel had investigated two possible defense witnesses, who might have testified that Knowles was not the actual shooter in the armed robbery, their testimony would have strengthened his coerced confession claim. But the concept of relation back is based on notions of fair notice. *See id.* Here the state was on notice that it would have to defend against a claim regarding whether a confession was coerced; nothing in this claim can be said to notify the government that it would also have to defend an ineffective assistance of counsel claim.

Finally, we decline on these facts to consider whether there is an "actual innocence" exception to AEDPA's one year statute of limitations. Not only has Knowles presented no evidence of actual innocence, the evidence he does point to supports his conviction. This is a felony murder case. Knowles's claim is that competent counsel would have presented evidence casting doubt on whether Knowles was the actual shooter. But the jury's deadlock on a firearm enhancement shows that the jury did not base its verdict on a belief that Knowles was the actual shooter, but on his admitted involvement in the robbery. His participation is all that was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

needed to sustain a conviction under the felony murder doctrine.

AFFIRMED.